UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14036-CIV-ROSENBERG/MAYNARD

JUDITH KOSLOWSKI,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO ATTEND A RULE 35 MEDICAL EXAMINATION (DE 22)

**THIS CAUSE** comes before this Court upon the above Motion. Having reviewed the Motion and Response (DE 23), this Court finds as follows:

The Plaintiff alleges that she was walking her dog in her neighborhood when a U.S. Border Patrol K-9 ran towards her, causing her to fall. She alleges orthopedic injury to her right ankle and left knee as the result. She currently is 75 years old.

The Defendant has requested a compulsory medical examination ("CME") pursuant to Rule 45, Fed.R.Civ.P. The Defendant has chosen Dr. Zeide to examine the Plaintiff. One issue concerning that examination remains in dispute: whether the Plaintiff may videotape the CME.

The Plaintiff has hired a videographer who will set up the camera in the examination room but who will not be physically present during the examination. "Videotaping will allow [her] to have confidence in the process," the Plaintiff says at Paragraph 13 of her Response, because it will ensure the accuracy of the process. The Plaintiff does not elaborate on her concern any further.

The Defendant counters that videotaping the medical examination is "inappropriate and unwarranted". The Defendant seeks to prevent the videotaping from inhibiting Dr. Zeide's ability to conduct and complete the examination and from creating an awkward atmosphere. At Paragraph 7 of its Motion, the Defendant adds that the "Plaintiff has not identified any special conditions or specific problems that would warrant a videographer to be present for her examination in this case."

Rule 35, Fed.R.Civ.P., itself, is silent about whether a CME may be recorded. The Defendant relies on the case of Davanzo v. Carnival Cruise Lines, 2014 WL 1385729 (S.D.Fla. 2014) to support its position. In that ruling the court declined to allow the plaintiff to videotape her CME. In doing so the court followed the majority of the federal courts to have addressed this issue. The Davanzo court also sought to minimize the adversarial atmosphere of the examination.

The Plaintiff responds that videotaping her CME should not make Dr. Zeide feel awkward. Dr. Zeide has performed many CME's for defense attorneys including in Florida state court cases where videotaping is common. Therefore he already should be accustomed to videorecording.

In her Response the Plaintiff also cites decisions by federal courts that permitted the presence of third parties at CME's. The Plaintiff also cites three Orders from the Southern District of Florida that permitted videotaping, specifically. They are DE 56 in Hernandez v. Walgreen Co., Case No. 11-20241-CIV-Altonaga/Simonto; DE 37 in Erneta v. J.P.Morgan Chase & Co., Case No. 12-23515-CIV-Martinez/McAliley; and DE 61 in Greenfield v. Kent Security Services, Inc., Case No. 08-22033-CIV-Altonaga/Brown. Those three Orders do not compel a ruling in the Plaintiff's favor, however. The Hernandez and Greenfield Orders were the product of the parties' mutual agreement. The Erneta Order adopted the terms from the

Hernandez Order. None of them provide a substantive explanation for why videotaping was being permitted. Of the on-point rulings that the parties cite, only Davanzo provides a substantive discussion. Therefore it is Davanzo that is most helpful in this case where the parties do place the issue of videotaping directly into dispute.

After weighing out the parties' arguments, this Court resolves the dispute by granting the Defendant's request to conduct the CME without videotaping. It is true that it is the Plaintiff who seeks to have her own medical examination videotaped, but as the Davanzo court explains, there are other concerns in addition to the Plaintiff's privacy. Nor does the Plaintiff identify a specific reason or need to videotape her examination. Dr. Zeide may be accustomed to videotaping, as the Plaintiff does point out. That fact does not ameliorate the concerns that Davanzo raises, however: the act of videotaping still makes the examination more awkward and more adversarial than it otherwise would be. Rule 35 already provides the Plaintiff safeguards that should assuage her concerns, and this Court has no reason to doubt that Dr. Zeide will act in a professional and appropriate manner.

Based on the foregoing, it is hereby,

**ORDERED AND ADJUDGED** that the Defendant's Motion to Compel (DE 22) is **GRANTED**. The CME with Dr. Zeide shall not be videotaped. Nor shall a third party be present in the examination room during the medical examination. (Of course, a third party still may accompany the Plaintiff to Dr. Zeide's office and wait in the lobby during the examination.)

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 11th day of August, 2020.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE